## HERBERT SAVAGE vs. MOSES WHITAKER & al.

Where the consideration of a promissory note was an agreement to assign a contract made by a third person to carry the *United States'* mail, on a certain route, and which had been assigned to the payee of the note by such third person, without the assent of the Post Office Department; and where the Postmaster General afterwards availed himself of his right to consider the contract as forfeited by such assignment, and made a new contract with a different person ; *it was held,* that the consideration of the note had failed, and that the action upon it could not be maintained.

An engagement to do a certain thing, involves an undertaking to secure and use effectually all the means necessary to accomplish the object.

ASSUMPSIT on a promissory note. The defence was a want or failure of consideration, and the defendants proved, that the note declared on, and another, both amounting to $500, were given in consideration of a contract of which a copy follows. " Whereas *Daniel Bunker* has procured from the General Government the right of transporting the mail on Post Route, No. 29, for the sum of $2475 per annum, and whereas the said *Bunker* has agreed to transfer the contract to *Herbert Savage.* Now be it known, that I, *Herbert Savage*, in consideration of $500 to me paid by *Moses Whitaker* and *Cyrus Bryant*, the receipt whereof is hereby acknowledged, do hereby undertake, promise and agree to transfer and assign to said *Bryant* and *Whitaker* all the right, title and interest I may have in said contract in consequence of said assignment from said *Bunker*, provided said *Whitaker* and *Bryant* shall first execute and deliver to said *Savage* a good and sufficient bond, conditioned to do and perform all the stipulations and agreements, that the said *Savage* is bound to do and perform by his agreement with said *Bunker.*" The defendants also proved, that in consequence of a violation by *Bunker* of the following rule of the General Post Office ; " No contract or bid can be transferred without the special and written approbation of the Postmaster General ; and an assignment of a contract or bid, without his consent first obtained in writing, shall forfeit it" — in his transfer to the plaintiff, *Savage*, the contract with *Bunker* was never completed by the Postmaster General, but the contract for that route was let to another person, by reason of which the defendants derived no bene-

fit from their contract with the plaintiff. At the trial the plaintiff contended, that the defendants, at the time of making the note declared on, had knowledge of that rule of the Post Office Department, and gave the note under a full knowledge of the hazard under which they contracted; but the jury specially found, that the rule referred to "was read in the presence of *Whitaker*, but not explained to him, so that he understood it, before he signed the note declared on." There was no evidence that *Bryant* had any knowledge of it. A verdict was taken for the plaintiff by consent, subject to the opinion of the whole Court upon the case; and a nonsuit was to be entered, or the verdict to stand.

*Boutelle*, for the defendants, contended, that the consideration of the note was illegal, and the note thereby void; and also, that if it were otherwise, and the consideration was originally good, yet that it had wholly failed. He cited *Dickinson* v. *Hall*, 14 *Pick.* 217; *Cone* v. *Baldwin*, 12 *Pick.* 545; 1 *Phil. Ev.* 85; 2 *Stark. Ev.* 38.

*F. Allen* and *Tenney*, for the plaintiff, insisted, that the consideration of the note was the contract made with him by the defendants, giving them the same right to the contract to carry the mail, which he had from *Bunker*. This the plaintiff contracted to convey and no more. That the Post Office Department had the option to refuse to complete the contract, might lessen the value, but could not render the contract between the parties illegal. There was no fraud or deception practised. Although the defendants did not derive a benefit from the purchase, that was no failure of the consideration of the note, but merely a failure to succeed in the speculation. They cited *Bowen* v. *Bell*, 20 *Johns. R.* 338; *Baker* v. *Page*, 2 *Fairf.* 381; *Armstrong* v. *Toler*, 11 *Wheat.* 258; *Wolcott* v. *Knight*, 6 *Mass. R.* 418; *Woodward* v. *Cowing*, 13 *Mass. R.* 216; 4 *Burrow.* 2069.

The opinion of the Court was drawn up and, at a subsequent term, delivered by

Weston C. J. — Payment of the note in suit is resisted by the defendants, on account of the alleged unlawfulness of the consideration. By the regulations of the Postmaster General, which he

had legal authority to make, no contract, or bid for a contract, can be transferred, without his written approbation first had and obtained under the penalty of a forfeiture of such contract or bid. The answer given to this is, that the consideration for the note in question, was a promise or engagement, that such transfer should be made; and that this is not to be regarded as unlawful, inasmuch as the written consent of the Postmaster General might be obtained. We are inclined to adopt this construction; but in our judgment, there has been manifestly a failure of consideration.

*Bunker*, who had a right to the contract, had agreed to assign it to the plaintiff, and the plaintiff agreed to transfer and assign to the defendants all the interest he had in said contract, " in consequence of said assignment from said *Bunker.*" This assignment, made or to be made, is assumed as the basis and subject matter of the plaintiff's contract. *Bunker* had undertaken to make that effectual. If it failed, the plaintiff had nothing to transfer, and the defendants obtained nothing. If that took effect, he had still a duty to perform, in causing the interest to be transferred to the defendants. An engagement to do a certain thing, involves an undertaking to secure and use effectually all the means, necessary to accomplish the object; and among these, the most important and essential was, to obtain the written consent of the Postmaster General. It was not the mere chance, that this might be effected, which formed the consideration for the note. The defendants were to stand in the place of *Bunker*, and to enjoy the emoluments, which were expected to be derived, from the contract with the government.

The case finds, that the assignment from *Bunker* failed, the Postmaster General being dissatisfied with his course, and having actually contracted with another. No fault is imputable to the defendants. That which the plaintiff undertook to sell, and for which the defendants engaged to pay a valuable consideration, has been arrested and defeated by an authority, over which they had no control. It seems to us, that it would be neither equitable nor just, to hold them to pay the stipulated price. The verdict is accordingly set aside; and upon the facts reported, we are of opinion, that a nonsuit should be entered.

                                    *Plaintiff nonsuit.*